IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID OYEKWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-886-S-BN |
| | § | |
| RESEARCH NOW GROUP, INC. a/k/a | § | |
| DYNATA and SEYFARTH SHAW, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff McDavid Oyekwe filed this lawsuit *pro se* in state court in Dallas County against his former employer, Defendant Dynata, LLC, and Defendant Seyfarth Shaw LLP, Dynata's counsel in an employment case filed by Oyekwe in state court and then removed to this Court, which has now been dismissed. *See* Dkt. No. 1-3; *Oyekwe v. Research Now Grp., Inc.*, No. 3:19-cv-1085-S-BN, 2021 WL 1566459 (N.D. Tex. Jan. 1, 2021), *rec. accepted*, 2021 1564327 (N.D. Tex. Apr. 20, 2021), *notice of appeal filed* Apr. 27, 2021 (*Oyekwe I*).

After Defendants removed Oyekwe's current lawsuit, *see* Dkt. No. 1, the presiding United States district judge referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendants now move to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6) based in part on that the current claims are barred by collateral estoppel (or issue preclusion) because "[a]ll of the claims and factual issues raised in Plaintiff's

Petition were previously raised, considered, and rejected by this Court in *Oyekwe I*." Dkt. Nos. 8 & 9.

After the Court entered an order requiring briefing on the motion to dismiss, *see* Dkt. No. 11, Oyekwe responded, *see* Dkt. No. 12, moved the Court to appoint him counsel, *see* Dkt. No. 13, filed an amended complaint, *see* Dkt. No. 14, and moved for default judgment, *see* Dkt. No. 15.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this case with prejudice, terminating Oyekwe's pending motions.

## Applicable Background

Through an amended petition that he filed in state court in Dallas County on April 15, 2019, Oyekwe raised three claims against Dynata: "[1] racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. § 21.001 *et seq.* (the TCHRA), ... [2] retaliation after he engaged in protected activity, under the same provisions of law, and ... [3] that Dynata failed to properly compensate him for overtime, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the FLSA)." *Oyekwe I*, 2021 WL 1566459, at *1.

> After removal to federal court, the parties participated in a telephonic scheduling conference with the undersigned, *see* Dkt. Nos. 24 & 25, after which the undersigned memorialized that, "[b]ecause Plaintiff is a *pro se* litigant, the Court may hold Plaintiff's filings to a less stringent standard than papers drafted and filed by an attorney. But this is Plaintiff's lawsuit, and, ultimately, Plaintiff must prove an

> entitlement to relief. Neither the Court (or any of its staff) nor counsel for Defendant(s) will serve as *de facto* counsel for Plaintiff," Dkt. No. 26, ¶ 1 (citing *Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981)).
>
> Oyekwe proceeded to actively prosecute his case, during which time the parties participated in an unsuccessful settlement conference with another United States magistrate judge, *see* Dkt. Nos. 27, 29, & 37, and the Court denied Okeywe's requests to sanction Dynata, *see* Dkt. Nos. 58, 65, 66, 68, & 72. And, after Dynata moved for summary judgment, *see* Dkt. Nos. 73, 74, & 75, the undersigned entered a briefing order setting out in full the detailed summary judgment standards above and the full text of Rule 56, *see* Dkt. No. 76.
>
> But neither has Oyekwe filed a verified complaint (the *pro se* amended petition filed in state court) [Dkt. No. 3-9] nor has he submitted competent evidence to oppose summary judgment, *see* Dkt. Nos. 77 & 79.
>
> As the briefing order cautioned Oyekwe, "there is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Bookman*, 945 F. Supp. at 1002. In this case, that point is now, because "[i]t is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment." *Id*. "All summary judgment nonmovants shoulder the same obligation," *id*. – to oppose "summary judgment through the use of competent summary judgment evidence," *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam)

*Id.* at *4 (citation modified).

The Court granted Dynata summary judgment on all claims made in *Oyekwe I*, dismissing that action with prejudice on April 20, 2021. Oyekwe appealed and moved for relief under Federal Rule of Civil Procedure 59(e). *See Oyekwe I*, Dkt. Nos. 101 & 103. And the Court denied the Rule 59(e) motion. *See id.*, Dkt. No. 105.

After the undersigned recommended that the Court dismiss the claims in *Oyekwe I*, but prior to the Court accepting that recommendation, Oyekwe filed this action *pro se* in state court, on March 17, 2021. *See* Dkt. No. 1, ¶ 1; Dkt. No. 1-3 (realleging racial discrimination, retaliation, and FLSA claims through counts

labeled breach of contract, defamation of character, and False Claims Act); Dkt. No. 1-2 (state court docket sheet reflecting that Oyekwe initiated the state case through an affidavit of inability to pay).

## Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555; *see also Sewell*, 974 F.3d at 582 ("Although this framework is one-sided, the issue 'is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.' The other side will have its say later." (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *vacated on other grounds*, 113 F.3d 1412 (5th Cir. 1997))).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining

whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.")).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient ....'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules

provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion

to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

I.  <u>The Court should dismiss this case with prejudice under the IFP statute.</u>

Although Defendants have moved to dismiss this case under Rule 12(b)(6), because Oyekwe obtained leave to proceed IFP in state court prior to removal, the Court may also screen his claims under the IFP statute, 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Phillips v. City of Dallas*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) ("As this Court, among others, has recognized, Section 1915(e)(2)(B) applies to complaints, like Plaintiff's, 'that were originally filed IFP in state court and removed to federal court.'" (quoting *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014); citation omitted)), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam). As Section 1915(e)(2)(B) provides, "the court shall dismiss the case *at any time* if the court determines that ... the action ... is frivolous[,] malicious[, or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (emphasis added).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And courts generally apply the Rule 12(b)(6) analysis set out above to dismissals under that provision of the IFP statute. Such a dismissal therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11

Under this authority and the applicable standards, the amended complaint that Oyekwe filed after removal and after the Defendants filed the motion to dismiss – which "supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading" (Oyekwe's amended complaint does not), *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)) – lacks sufficient facts to allege a plausible claim. Instead, the single page amended complaint collaterally attacks the resolution of *Oyekwe I*, *see* Dkt. No. 14, the dismissal of which is now on direct appeal to the Fifth Circuit, *cf. United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (per curiam) ("The general rule is that a case can exist only in one court at a time, and a notice of appeal permanently transfers the case to us until we send it back: 'The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court

of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); citation omitted)).

For these reasons alone, the Court should dismiss this case with prejudice. *See Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 484 (5th Cir. 2021) ("The district court already provided them an opportunity to amend, however, and the amended complaint is still deficient. Moreover, the plaintiffs do not indicate how they would cure their complaint if given another chance to amend. Thus, the district court did not abuse its discretion in denying leave to file a second amendment." (citing *Benfield v. Magee*, 945 F.3d 333, 339-40 (5th Cir. 2019))).

II. *Alternatively*, if the Court, considering Oyekwe's *pro se* status, elects to disregard the amended complaint and focus on the allegations made in the state court petition, those claims should be dismissed as barred by collateral estoppel and true res judicata and as malicious.

### A. Collateral Estoppel

Under the established principle of res judicata, "a judgment, valid on its face, cannot, in the absence of fraud in its procurement, be collaterally attacked as to mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings even though errors and irregularities may appear on the face of the record." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (quoting *Iselin v. Meng*, 307 F.2d 455, 457 (5th Cir. 1962) (quoting, in turn, *Iselin v. La Coste*, 147 F.2d 791, 794 (5th Cir. 1945))).

Its application therefore "does not depend upon whether or not the prior judgment was right." *Id.* (quoting *Meng*, 307 F.2d at 457 (quoting, in turn, *Rubens v.*

*Ellis*, 202 F.2d 415, 418 (5th Cir. 1953)); citations omitted).

> This broad principle
>
> encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer*, 718 F.3d at 466-67 (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005)). True res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," *Test Masters*, 428 F.3d at 571, while collateral estoppel "precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action," *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 (5th Cir.1977); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980).

*Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (citations modified); *see also Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 n.3 (5th Cir. 1986) ("'[R]es judicata, as the term is sometimes sweepingly used' embraces both '"claim preclusion," or true res judicata' and 'collateral estoppel or "issue preclusion."'" (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978))); *Wills v. Arizon Structures Worldwide, L.L.C.*, 824 F.3d 541, 545 n.5 (5th Cir. 2016) ("Although there is a modern tendency to conflate the two terms, they are distinct. *See White v. World Fin. of Meridian, Inc.*, 653 F.2d 147, 150 & n.5 (5th Cir. Unit A Aug. 1981). '[R]es judicata forecloses all that which might have been litigated previously, [whereas] collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.' *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984) (citation omitted).").

To reiterate, regardless which of the two doctrines is invoked, "the idea is that an issue definitively settled once is 'forever settled as between the parties.'" *Langley v. Prince*, 926 F.3d 145, 163-64 (5th Cir. 2019) (en banc) (quoting *Baldwin v. Iowa*

*State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931); citation omitted).

And, "if a res judicata or collateral estoppel defense is established on the face of [a] complaint, it is a proper ground for dismissal" under Rule 12(b)(6). *Rolls-Royce Corp v. Heros, Inc.*, 576 F. Supp. 2d 765, 774 (N.D. Tex. 2008).

Under Rule 12(b)(6), Defendants move to dismiss this case under the narrower doctrine of collateral estoppel, which "precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 397 (5th Cir. 2004) (footnotes omitted); *see also Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (per curiam) ("Issue preclusion or collateral estoppel prevents a party from litigating an issue it previously 'litigated and lost' in another action" and thus "'prevent[s] repetitious litigation of what is essentially the same dispute,'" in addition to "'conserving judicial resources, [ ] maintaining consistency, and [ ] avoiding oppression or harassment of the adverse party.'" (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 (1979); RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmts. c, e. (1982))).

Defendants argue in sum that,

> [o]n first glance, Plaintiff's Petition might appear to raise claims that are distinct from those raised in *Oyekwe I*, but a closer inspection reveals that Plaintiff's "new" claims are in fact, the same claims that rely on the same facts as those he raised in *Oyekwe I*, only with different labels. Indeed, a comparison of the operative complaints in both actions, along with Plaintiff's additional filings in response to the Magistrate's

> Recommendation in *Oyekwe I*, demonstrates clearly that *Oyekwe II* relies entirely on facts and arguments raised – and decided – in the prior litigation.

Dkt. No. 9 at 11.

They also argue that, "for collateral estoppel to apply, it is not necessary for the parties to the suits to be completely identical 'so long as the party against whom collateral estoppel applies had the full and fair opportunity to litigate the issue.' Accordingly, the fact that Seyfarth Shaw was not a party in *Oyekwe I* does not preclude application of collateral estoppel to the claims against the firm in *Oyekwe II*." *Id.* at 11 n.1

True, "[c]omplete identity of parties in the two suits is not required" to establish collateral estoppel under federal law. *Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983). Instead, "[t]he federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issue, regardless of whether his present adversary was a party to the previous lawsuit." *Id.* (quoting *Willis v. Fournier*, 418 F. Supp. 265, 266 (M.D. Ga.), *aff'd*, 537 F.2d 1142 (5th Cir. 1976); citing *Allen*, 449 U.S. at 94-95). And, "[u]ltimately, a determination that privity exists 'represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close.'" *Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977); citations omitted); *see also id.* (first observing that, "[f]or privity, '[f]ederal courts have deemed' three 'types of relationships "sufficiently close" to justify preclusion': (1) 'a non-party who has succeeded to a party's interest in property,' (2)

'a non-party who controlled the original suit,' and (3) 'a non-party whose interests were represented adequately by a party in the original suit'" (quoting *Sw. Airlines*, 546 F.2d at 95)).

The undersigned does not understand Seyfarth, a non-party to *Oyekwe I*, to argue that it is in privity with Dynata only by virtue of an attorney-client relationship. For example, Seyfarth argues that in the state court petition initiating this case, Oyekwe alleges that Seyfarth acted with Dynata to harm Oyekwe:

> Plaintiff's claims under Counts III and IV are brought against both Seyfarth and Dynata, and also relate to allegations previously asserted. Specifically, in support of his claims of Defamation of Character and the False Claims Act, Plaintiff alleges that Dynata and Seyfarth used "racist dog whistles to incite prejudicial chaos against Plaintiff," that they engaged in "unfounded and simply blatant lies," and that Plaintiff was owed overtime compensation at the time of his termination. (Dkt. No. 1-3 ¶¶ 89-91.) Plaintiff further asserts that Seyfarth "collude [sic] with Dynata" and that Defendants engaged in "fraud and outright dishonesty." (Dkt. No. 1-3 ¶¶ 94-95.)

Dkt. No. 9 at 14-15.

An attorney-client relationship may qualify as sufficiently close to justify preclusion in certain cases, but "mere representation … does not necessarily demonstrate an alignment of interests." *Leaf v. Refn*, 742 F. App'x 917, 924 (6th Cir. 2018).

For example, privity may exist where – as appears to be the case alleged by the state court petition here – a party's attorneys are "added as defendants because of their roles in their clients' alleged wrongdoing." *Id.* at 923 & n.2 (discussing *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986); *Wallace v. JP Morgan Chase Bank, N.A.*, No. 13-13862, 2014 WL 4772029 (E.D. Mich. Sept. 24, 2014); *Lintz v.*

*Credit Adjustments, Inc.*, No. 07-11357, 2008 WL 835824 (E.D. Mich. Mar. 28, 2008); *Plotner v. AT&T Corp.*, 224 F.3d 1161 (10th Cir. 2000) (cited by *Wallace* and *Lintz*): "In *Plotner*, *Henry*, and *Wallace*, attorneys were added to a second lawsuit for allegedly helping their clients commit fraud that was alleged, or could have been alleged, against the clients in the first lawsuit. In *Lintz*, the attorneys were added to a second lawsuit for allegedly helping their clients violate the Fair Debt Collection Practices Act. In each case, the client was a defendant in the earlier lawsuit and either prevailed or, in *Lintz*, negotiated a dismissal of the claims against it. The attorneys were then given the benefit of res judicata as to their role in their clients' alleged wrongdoing."); *see also id.* at 923 ("Insofar as they worked hand-in-glove to accomplish separate, allegedly unlawful aspects of a particular task (such as a foreclosure), attorney and client had a substantial identity of interests – limited to the conduct at issue in the case." (citations omitted)); *Johnson v. Ashmore*, No. 3:15-cv-2475-K-BF, 2016 WL 3467052, at *3 (N.D. Tex. June 8, 2016) (finding defendants and their lawyers to be in privity where the plaintiff alleged that the lawyers "fraudulently deprived him of his settlement" in the prior case (citing *Plotner*, 224 F.3d at 1169; *Henry*, 808 F.2d at 1235 n.6)), *rec. accepted*, 2016 WL 3406110 (N.D. Tex. June 21, 2016), *aff'd on basis of Texas attorney immunity*, 681 F. App'x 345 (5th Cir. 2017) (per curiam).

Defendants have established that collateral estoppel prevents Oyekwe's relitigating the employment-based claims dismissed with prejudice by *Oyekwe I*. No matter how he labels the current claims, their underlying facts are identical, and

those facts have been litigated. Collateral estoppel also applies insofar as Oyekwe alleges that Seyfarth assisted its client, Dynata, to harm him.

### B. True Res Judicata and Maliciousness

Next, insofar as collateral estoppel is the narrower of the two res judicata doctrines, the undersigned also finds that true res judicata prevents the current action. True res judicata principles also require the dismissal of this lawsuit under the malicious prong of the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))). And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),] in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

"Generally, res judicata must be pled as an affirmative defense" under Federal

Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters*, 428 F.3d at 571. In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citations modified).

The first three conditions are easily met here: as between *Oyekwe I* and this action, the parties are the same or (as explained above) in privity, and this district court entered a final judgment dismissing the prior case with prejudice.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*,

428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt*, 365 F.3d at 395-96)); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

The claims here emanate from the same nucleus of operative facts. And it does not matter that Oyekwe may add some factual allegations to the state court petition that initiated *Oyekwe II* that he may claim occurred in the course of litigating *Oyekwe I* – or that he asserts different theories of liability – as those facts and those theories are not consequential to the tenor of his current allegations and do not materially affect claims that originate from the same nucleus of operative facts. *See, e.g.*, *Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (considering a similar transactional test and rejecting a plaintiff's argument against claim preclusion that turned on his contention that his suits presented "two separate clusters of facts"

where "the ultimate relief sought" was the same and "the facts bearing on the appropriateness of that remedy ... would be the same").

## Recommendation

The Court should dismiss this case with prejudice, terminating all pending motions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE